UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 08-20681-Civ-Graham/O'Sullivan

SYBIL B. LUCOFF,

 Plaintiff,

v.

FIRST FINANCIAL ASSET
MANAGEMENT, INC., and
FFPM CARMEL HOLDINGS 1, LLC,

 Defendants.
_____/

## FIRST AMENDED COMPLAINT[1]
### JURY DEMAND

 1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

 2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k.  Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

---

[1] Pursuant to Fed. R. Civ. P. 15(a)(1)(A), Plaintiff amends her initial complaint before Defendant's service of a responsive pleading.

3.      Plaintiff, SYBIL B. LUCOFF, is a natural person who resides in Miami-Dade County, Florida.

4.      Defendant, FIRST FINANCIAL ASSET MANAGEMENT, INC., ("FIRST FINANCIAL")is a believed to be a corporation with its principal place of business at Suite 1700, 230 Peachtree Street, Atlanta, Georgia 30303.

5.      Defendant, FFPM CARMEL HOLDINGS 1, LLC, ("CARMEL") is believed to be a limited liability corporation with its registered agent Corporation Service Company located at 2711 Centerville Road, Suite 400,  Wilmington, DE 19808.

6.      Defendants regularly use the mail and telephone in a business the principal purpose of which is the collection of debts.

7.      Defendants regularly collect or attempt to collect debts for other parties. They are "debt collectors" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

8.      Defendant, FIRST FINANCIAL, sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

9.      Defendant, FIRST FINANCIAL, sought to collect the alleged debt on behalf of Defendant, CARMEL.

10.     Defendant, CARMEL, obtained the debt after it had fallen into default.

11.     Defendant, CARMEL, is vicariously liable for the actions of Defendant, FIRST FINANCIAL. See *Fox v. Citicorp*, 15 F.3d 1507, 1516 (9th Cir. 1994).

12.     Defendant, FIRST FINANCIAL, left the following recorded telephone messages for Plaintiff on or about the dates stated:

December 4, 2007
Sybil Lucoff. Contact Yolanda Williams at 866-374-0659. My direct extension is 1557. Sybil Lucoff, I do need to speak with you as soon as possible.

December 4, 2007
This message is for Sybil Lucoff. Contact Yolanda Williams at 866-374-0659, direct extension is 1557.

December 6, 2007
Hello. This is an important message for Sybil Lucoff. This is not a sales or marketing call. This is a very important message concerning business you are currently conducting. Please call us back at 800-748-4819. Our hours of operation are Monday through Friday 8 AM to 9 PM, Saturday 8 AM to 12 PM Eastern time. Goodbye.

January 11, 2008
Very important message for Sybil Lucoff. Please return the call to 866-374-0659 between the hours of 8 AM and 9 PM Eastern time.

January 21,28, 2008
This is a very important message for Sybil Lucoff. Please return the call to 866-374-0659 between the hours of 8 AM and 9 PM Eastern time.

January 23, 2008
A very important message for Sybil Lucoff. Please return the call to 866-

370-1759 between the hours of 8 AM and 9 PM Eastern time.

March 2, 2008
Hello. This is a message for Sybil B. Lucoff. This is not a sales or marketing phone call. To retrieve your message please call us back at 866-867-0344. Thank you.

March 6, 2008
Sybil Lucoff. This is Ms. White. Return the call to 1-866-235-9871. Extension 1515.

13.     Based upon information and belief, Defendant, FIRST FINANCIAL, left similar or identical messages on other occasions within one year of the filing of this complaint. (Collectively, "the telephone messages").

14.     The messages are "communications" as defined by 15 U.S.C. §1692a(2).

15.     Defendant, FIRST FINANCIAL, left some of the messages on a cellular telephone.

16.     Defendant, FIRST FINANCIAL, failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

17.     Based upon information and belief, Defendant, FIRST FINANCIAL, knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

4

18.     Based upon information and belief, Defendant, FIRST FINANCIAL, used an automatic telephone dialing system to place numerous telephone calls to Plaintiff's cellular telephone within four years of the filing of this complaint.

19.     Based upon information and belief, Plaintiff did not expressly consent to Defendant's placement of telephone calls to a cellular telephone by the use of an automatic telephone dialing system prior to Defendant's placement of the calls.

20.     Based upon information and belief, Defendant, FIRST FINANCIAL, willfully or knowingly violated the regulations of the TCPA.

<u>COUNT I</u>
<u>FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR</u>

21.     Plaintiff incorporates Paragraphs 1 through 20.

22.     Defendant, FIRST FINANCIAL, failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a.     Damages;

b.     Attorney's fees, litigation expenses and costs of suit; and

c.     Such other or further relief as the Court deems proper.

5

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

23.   Plaintiff incorporates Paragraphs 1 through 20.

24.   Defendant, FIRST FINANCIAL, placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (D. Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a.   Damages;

b.   Attorney's fees, litigation expenses and costs of suit; and

c.   Such other or further relief as the Court deems proper.

## COUNT III
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

25.   Plaintiff incorporates Paragraphs 1 through 20.

26.   Defendant, FIRST FINANCIAL, asserted the right to collect a debt by leaving repeated telephone messages for Plaintiff without disclosing its name, that it is a debt collector, and the purpose of its communications and by claiming the communication was important when it was not, and by using an automatic

6

telephone dialing system without Plaintiff's prior express consent, all done when it knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

**COUNT IV**
**HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

27.    Plaintiff incorporates Paragraphs 1 through 20.

28.    By failing to disclose its name, that it is a debt collector, and the purpose of its communication and by claiming the matter was important when it was not, and by using an automatic telephone dialing system without Plaintiff's prior express consent Defendant, FIRST FINANCIAL, willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

      a.    Damages;

7

      b.     Attorney's fees, litigation expenses and costs of suit; and

      c.     Such other or further relief as the Court deems proper.

**COUNT V**
**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**

29.    Plaintiff incorporates Paragraphs 1 through 20.

30.    Defendant, FIRST FINANCIAL, placed telephone calls to a cellular telephone using an automatic telephone dialing system without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

      a.     Damages;

      b.     Such other or further relief as the Court deems proper.

**COUNT VI**
**DECLARATORY RELIEF AND PERMANENT INJUNCTION**

31.    Plaintiff incorporates Paragraphs 1 through 20.

32.    Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant, FIRST FINANCIAL's, failure to disclose its name and failure to disclose it is a debt collector in telephone messages to consumers is in violation of the FDCPA.

33.    Plaintiff seeks a permanent injunction prohibiting Defendant, FIRST FINANCIAL, from failing to disclose its name and failing to disclose it is a debt collector in telephone messages to consumers.

34.    Pursuant to 47 U.S.C § 227 (c)(5)(A), Plaintiff seeks a permanent injunction prohibiting Defendant, FIRST FINANCIAL, from placing telephone calls to the cellular telephone of any person by the use of an automatic telephone dialing system without that person's prior express consent.

WHEREFORE, Plaintiff requests that the Court enter judgment:

      a.    declaring that Defendant, FIRST FINANCIAL's, practices violate the FDCPA and TCPA;

      b.    permanently injoining Defendant, FIRST FINANCIAL, from engaging in the violative practices;

      c.    Attorney's fees, litigation expenses and costs of suit; and

      d.    Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

                  Respectfully submitted,

                  DONALD A. YARBROUGH, ESQ.
                  Attorney for Plaintiff
                  Post Office Box 11842
                  Fort Lauderdale, Florida 33339
                  Telephone: (954) 537-2000
                  Fax: (954) 566-2235

donyarbrough@mindspring.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 08-20681-Civ-Graham/O'Sullivan

SYBIL B. LUCOFF,

     Plaintiff,

v.

FIRST FINANCIAL ASSET
MANAGEMENT, INC., and
FFPM CARMEL HOLDINGS 1, LLC,

     Defendants.

_____/


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on <u>May 13, 2008</u>, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


               <u>s/Donald A. Yarbrough</u>
               Donald A. Yarbrough, Esq.

## <u>SERVICE LIST</u>

FFPM Carmel Holdings 1, LLC,
c/o Corporation Service Company
Suite 400
2711 Centerville Road
Wilmington, DE  19808

<u>Via Service of Process</u>

First Financial Asset Management, Inc.
Suite 1700,
230 Peachtree Street
Atlanta, Georgia 30303

<u>Via Service of Process</u>